By the Court,
 
 Denio, J.
 

 The code prescribes the time within which an appeal may be taken from the special to the general term; and it is not in the power of the court to extend that period, or to allow an appeal when the time has been suffered to expire.
 
 (Code,
 
 §§ 332, 405.) As the legislature has seen fit to deny to the courts the power to relieve a party from the consequences of an omission to appeal within the period allowed by law,- it was obviously improper for the supreme court in this case to attempt to effect the same thing indirectly, by affixing a new date to the judgment.
 
 (Bank of Monroe
 
 v.
 
 Widner,
 
 11
 
 Paige,
 
 529.) But the order sought to be appealed from is not one from which an appeal to this court will lie. The portion of section eleven of the code, which is supposed to meet the case, is that which gives an appeal from a final order “upon a summary application in an action after judgment.” (§ 11,
 
 subd.
 
 3.) Reading the sentence in connection with the other parts of the section, it is evident that it contemplates a proceeding based upon the judgment, and which assumes its validity; and this is the construction which has been put upon it by this
 
 *268
 
 court.
 
 (Sherman
 
 v.
 
 Felt,
 
 3
 
 How. Pr R.
 
 425 ;
 
 Dunlop v. Edwards,
 
 3
 
 Comst.
 
 341.) It is not the policy of the code to allow a review, in the court of appeals, of interlocutory orders in an action, unless they are such as put an end to the suit and prevent the rendering of a judgment from which an appeal would lie, or unless there is an appeal from the judgment. Although there was a judgment in this ease when the application was made, yet the effect of the order is to cause another judgment to be entered in its stead; and the latter thus becomes the final determination of the cause, and every step which preceded it is in its nature interlocutory, and not subject to review here, unless upon appeal from the judgment, as provided in the 1st subdivision of section 11.
 

 Appeal dismissed.