PETER A. PORTER, Individually, and as Grantee, and in the Name of GEORGE M. PORTER, Individually, and as Executor of JOSEPHINE M. PORTER et al., Respondents, v. THE INTERNATIONAL BRIDGE COMPANY et al., Appellants.

1. APPEAL — ALLOWANCE BY APPELLATE DIVISION — LIMIT OF TIME TO APPEAL — CODE CIV. PRO. § 1325. The right of appeal to the Court of Appeals by allowance of the Appellate Division (Constitution, art. VI, § 9; Code Civ. Pro. §§ 190, 191) does not become absolute until the Appellate Division has made the proper order allowing the appeal, and the sixty days within which such appeal must be taken, under section 1325 of the Code of Civil Procedure, does not begin to run until such order is granted.

2. WHEN APPLICATION FOR PERMISSION TO APPEAL MUST BE MADE. Application for such leave to appeal must be made at the term of the Appellate Division at which the order or judgment appealed from was granted, or before the end of the next succeeding term, and if the order allowing the appeal is not obtained within that time, none can be subsequently granted.

3. COMPLAINT — WHEN NOT DEMURRABLE FOR MISJOINDER OF CAUSES OF ACTION. A complaint, demurred to as alleging a cause of action for ejectment against some of the parties, and as to others an equitable action to settle and determine the rights and interests of the parties in regard to the property in question, examined and *held* not to be regarded as stating more than one cause of action, viz., a cause of action in equity to determine and enforce the rights of the various parties to the property which was the subject of the action, and that all the rights sought to be established and enforced arose out of the same transaction or transactions connected with the same subject of action, and their joinder in the same complaint was justified by the provisions of section 484 of the Code of Civil Procedure.

*Porter* v. *International Bridge Co.*, 45 App. Div. 416, affirmed.

(Argued April 16, 1900; decided May 1, 1900.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 28, 1899, affirming an interlocutory judgment overruling defendants' demurrers to the complaint, entered upon a decision of the court on trial at an Equity Term; also a motion by respondents to dismiss the appeal.

The complaint alleged, in substance, that the ancestors of the plaintiffs and of some of the defendants, being the owners of land in the city of Buffalo, granted to the city a license to use such land as a public square; that thereafter certain defendant companies, assuming to act under a consent by the city and other titles adverse to that of plaintiffs and without the consent of the plaintiffs or of any of the owners of the premises or any part thereof, wrongfully entered upon such land, placed railroad tracks and buildings thereon, and continue to trespass upon and occupy such premises and have refused to surrender the same. Judgment was demanded providing that the defendants be enjoined from occupying the premises in question and directing them to remove their tracks and buildings therefrom; that the value of plaintiffs' rights in the land be ascertained and the damages resulting from the trespasses be awarded to the parties to the action entitled thereto, to be paid by the defendant companies; that as an alternative thereto the defendant companies be allowed to purchase the interests that plaintiffs or other parties may have in the premises, and should they fail to exercise their right to such option, that the injunction be made absolute, and that the several rights and interests of the plaintiffs and other parties owning said premises be fixed and determined. To this complaint the defendant companies separately demurred upon the ground that causes of action in the said complaint were improperly united, to wit: A legal cause of action in ejectment, sounding in tort, with an equitable cause of action to cancel an easement or declare it void and adjudicate as to the rights of the various parties making divers claims to the property as provided by statute.

The further material facts, the question certified and the grounds of the motion to dismiss the appeal are stated in the opinion.

*Adelbert Moot* for appellants. This appeal was taken within sixty days after the Appellate Division granted the certificate that alone makes the order and judgment appealed from appealable; hence, the appeal was taken in time. (*S. R. H. Co.* v. *Seager*, 160 N. Y. 312.) The complaint sets forth a perfect cause of action in ejectment and also one in equity. These causes of action are inconsistent with each other and may not be joined together in one complaint. (Code Civ. Pro. §§ 483, 484; *Nichols* v. *Drew*, 94 N. Y. 22; *Smith* v. *Hallock*, 8 How. Pr. 73; *Linden* v. *Hepburn*, 5 How. Pr. 188; *Keep* v. *Kaufman*, 56 N. Y. 332; *Townsend* v. *Bogert*, 20 Civ. Pro. Rep. 262; *Thomas* v. *U. & B. R. R. R. Co.*, 97 N. Y. 245; *Blossom* v. *Barrett*, 37 N. Y. 434; *Hulce* v. *Thompson*, 9 How. Pr. 113; *Budd* v. *Bingham*, 18 Barb. 494.) The Appellate Division erred in holding that there was only one cause of action; but, if there were two, they could be united, as they were not inconsistent, as both assume a wrongful entry. (*G. & H. Mfg. Co.* v. *Hall*, 61 N. Y. 237; *Blossom* v. *Barrett*, 37 N. Y. 434; *Com.* v. *Alburger*, 1 Wheat. 469; *Good* v. *City of St. Louis*, 113 Mo. 257; *E. I. S. Bank* v. *Goldman*, 75 N. Y. 127; *Goebel* v. *Iffla*, 111 N. Y. 170.)

*Charles P. Norton* for respondents. The complaint states but one cause of action. (*Livingston* v. *Proseus*, 2 Hill, 526; *Hamilton* v. *Wright*, 37 N. Y. 502; *Hasbrouck* v. *Bunce*, 62 N. Y. 476; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Coatsworth* v. *L. V. R. R. Co.*, 156 N. Y. 451; 24 App. Div. 273.) The complaint does not allege a cause of action in ejectment. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *S. S. S. Co.* v. *R., W. & O. R. R. Co.*, 67 Hun, 153; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Murdock* v. *P. P. & C. I. R. R. Co.*, 73 N.

11

Y. 579; *Broiestedt* v. *S. S. R. R. Co.*, 55 N. Y. 220; *Hinckel* v. *Stevens*, 17 App. Div. 279; *L. F. Co.* v. *L. G. & F. Co.*, 82 N. Y. 476; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 191; *W. P. I. Co.* v. *Reymert*, 45 N. Y. 703.) The complaint does not allege a cause of action to cancel an easement or declare it void and adjudicate as to the rights of the various parties. (*Townsend* v. *Bogert*, 126 N. Y. 371; *Mahon* v. *N. Y. C. R. R. Co.*, 24 N. Y. 659; *Carpenter* v. *O. & S. R. R. Co.*, 24 N. Y. 655; *Wager* v. *T. U. R. R. Co.*, 25 N. Y. 526.) Even assuming that the complaint contained two causes of action, as stated by the defendants in their demurrers, nevertheless it is not a ground of demurrer that a cause of action in ejectment is united in a complaint with an equitable cause of action to cancel an easement if they arise out of transactions connected with the same subject of action. (*Lattin* v. *McCarty*, 41 N. Y. 107; *Shepard* v. *M. Ry. Co.*, 117 N. Y. 442; *Garner* v. *Harmony Mills*, 6 Abb. [N. C.] 212; *Henderson* v. *Henderson*, 3 N. Y. S. R. 197; *Scheu* v. *N. Y., L. & W. R. R. Co.*, 12 N. Y. S. R. 99; *Hammond* v. *Cockle*, 2 Hun, 495; *Lamming* v. *Galusha*, 135 N. Y. 239; *Galway* v. *M. E. Ry. Co.*, 128 N. Y. 132; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319; *Lynch* v. *M. E. Ry. Co.*, 129 N. Y. 274.)

Martin, J.  A preliminary motion was made by the respondent to dismiss this appeal upon the ground that, when it was taken, more than sixty days had elapsed since the entry and notice of the interlocutory judgment. The judgment was entered and notice of its entry served November 28, 1899. During the next term thereafter an application was made to the Appellate Division for leave to appeal to the Court of Appeals, which was granted, and the following question of law certified: " Should the demurrers of the Grand Trunk Railway Company of Canada and The International Bridge Company be sustained upon the ground that two causes of action are united in the complaint in this action, contrary to the provisions of section 484 of the Code of Civil Procedure?"

On the twenty-seventh of January, 1900, a copy of the order allowing the appeal was served upon the respondents, and on February twentieth the notice of appeal was served and the appeal properly perfected. This was eighty-four days after the service of the judgment and notice, but less than thirty days after the order allowing the appeal was granted.

The respondents insist that the interlocutory judgment was in effect an order; that the time within which an appeal could be properly taken was limited to sixty days, and, not having been taken within that time, that the appeal should be dismissed. That the time within which such an appeal must be taken may be limited by notice to sixty days after the right to appeal exists, is not denied. But the controverted question is when the sixty days commenced to run. If from the time of the service of a copy of the judgment with a notice of its entry, then the appeal was too late and should be dismissed. If from the time when the appeal was allowed, it was within the limitation, and the appeal was properly taken.

The respondents' contention is that section 1325 of the Code of Civil Procedure limits the time within which an appeal may be taken to sixty days after the service of the order appealed from and a written notice of its entry, and that that section alone governs as to the time. Where the right of appeal exists when the order and notice are served, it is evident that section 1325 controls. But sections 190 and 191 authorize an appeal from a determination not otherwise appealable, when the court makes the proper order allowing it. It is manifest that in this case the appellants had no right to appeal until they obtained the order of the Appellate Division. Then for the first time they possessed that right. Until then they could take no effective steps towards an appeal, except to apply to the court for the necessary leave. (*Guarantee Trust & S. D. Co.* v. *P., R. & N. E. R. R. Co.*, 160 N. Y. 1; *Steamship Richmond Hill Co.* v. *Seager*, 160 N. Y. 312.)

Section 9 of article 6 of the Constitution provides that the Appellate Division in any department may allow an appeal

upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals. It was to carry this provision into effect that sections 190 and 191 were enacted. Thus both the Constitution and statutes, as they now stand, confer upon the court the right to allow such an appeal, and upon litigants the provisional right of appeal upon obtaining such an allowance. When the consent of the Appellate Division is given the right becomes absolute. That this is a mere empty privilege or a right of which parties without *laches* may be deprived by a limitation affording them no opportunity to avail themselves of it, cannot be properly maintained. To give such an effect to the provisions of section 1325 has no justification either in principle or authority.

Therefore, we are of the opinion that sections 190, 191 and 1325 should be read and construed together, and that the limitation contained in the latter must be held to apply only to cases where the right of appeal exists, and not to cases where an allowance is necessary, until after the order allowing it is granted. If the rule were otherwise, appellants, although guilty of no neglect or fault, might often be deprived of the right conferred by sections 190 and 191 because there was no session of the court after the entry of the judgment or order until sixty days had elapsed. No such result could have been intended. It is possible that such would be the effect of section 1325 if construed literally and independently of the other provisions of the Code, yet, when all these provisions are considered together it becomes obvious that the limitation of sixty days applies only where the right of appeal exists.

It is further contended by the respondents that under this construction an appellant might neglect to obtain such allowance indeterminately, and thus unduly delay the final disposition of the case. There would be force in this contention if there was no limitation as to the time within which such an application must be made. But we think there is. We are of the opinion that a party seeking the allowance of an appeal under section 190 or 191 must make application at the same term of the court at which the order or judgment from which

he desires to appeal was granted, or at the next succeeding term, and that, if he does not, his right to make the application, as well as the right of the court to grant it, are foreclosed.

It has been the uniform practice for many years to require a party desiring consent to appeal, to make his application at the term of court at which the order or judgment was granted, or the next term thereafter, and if not so made the application was denied.  This is the rule as stated in section 191 and other sections of the Code.  It is true that the provision in section 191 is not, in express terms, made applicable to a case like this, but we think the rule there stated applies to all cases where such an allowance is necessary.  This limitation has been so long in force, is so generally recognized in practice, and so essential to the proper and timely administration of the law, that it should not now be changed or disregarded.  Hence, we are of the opinion that the application for an order allowing an appeal must be made at the term at which the order or judgment appealed from was granted, or the next succeeding term, and, if not so made, no such allowance can be properly granted. Until the end of the next term the party has a right to apply for such an allowance, and, if obtained, then for the first time the provisions of section 1325 limiting his time to appeal apply.  If no application is made within that time, none can be subsequently granted.  This rule is fair to parties, easily understood and enforced, has been in existence for many years and is recognized by the Code.  Therefore the practice as to the limitation of such an appeal must now be regarded as settled in these respects, and any contrary intimation or statement as being overruled.  It follows that the appeal in this case was taken in time, and the respondents' motion to dismiss must be denied.

When we come to the consideration of the question certified, it seems clear that it should be answered in the negative, and that the interlocutory judgment of the Appellate Division should be affirmed.  The only question before this court is, whether there is a misjoinder of causes of action.  The appel-

lants claim that the complaint contains a cause of action for ejectment against some of the parties, and as to others an equitable action to settle and determine the rights and interests of the parties in regard to the property in question. After a careful examination of the complaint, we are of the opinion that it is not to be regarded as stating more than one cause of action, viz., a cause of action in equity to determine and enforce the rights of the various parties to the property, which is the subject of the action, and that all the rights sought to be established and enforced arose out of the same transaction or transactions connected with the same subject of action, and their joinder in the same complaint was justified by the provisions of section 484.

The respondents' motion to dismiss the appeal must be denied, with ten dollars costs, the question certified answered in the negative, and the interlocutory judgment of the Appellate Division affirmed, with costs, with leave, however, to the appellants, upon payment of all the costs of the demurrers and of the appeals, to withdraw the demurrers and serve answers within twenty days after service of a copy of the judgment to be entered upon the decision herein.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and LANDON, JJ., concur.

Motion denied and judgment affirmed, etc.