PETER A. PORTER, Individually and as Grantee, etc., of GEORGE M. PORTER and Others, Appellant and Respondent, *v.* THE INTERNATIONAL BRIDGE COMPANY and THE GRAND TRUNK RAILWAY COMPANY OF CANADA, Respondents and Appellants, Impleaded with the CITY OF BUFFALO and Others.

*Complaint alleging a cause of action in equity — a defendant as to whom the proof establishes a cause of action at law is entitled to its dismissal — his constitutional right to a trial by jury.*

Where a complaint states a purely equitable cause of action and the evidence given upon the trial establishes a legal cause of action against certain of the defendants, but fails to establish a cause of action in equity against them, it is the duty of the court to dismiss the complaint and it has no power to send any of the issues to a jury for trial.

In such a case the defendants, against whom a cause of action at law is established, have no constitutional right to a jury trial in that action.

CROSS-APPEALS by the plaintiff, Peter A. Porter, individually and as grantee, etc., of George M. Porter and others, and by the defendants, The International Bridge Company and another, from portions of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 12th day of May, 1902, framing four specific questions to be tried by a jury, and directing a jury trial accordingly.

At the close of plaintiff's evidence the trial court, without passing upon or deciding any of the issues involved, held that the defendants, The International Bridge Company and the Grand Trunk Railway Company, were entitled to a trial by jury as a constitutional right, to which the plaintiff excepted.   Subsequently the court

stated four questions to be tried by the jury, to which the defendants, appellants, excepted, and thereupon the order appealed from, which decided that the defendants were entitled to a jury trial as a constitutional right, and which stated the questions to be tried by the jury, was duly entered. The plaintiff, Peter A. Porter, individually, etc., appeals from that part of the order which decided that the defendants are entitled to a jury trial as a constitutional right, but is content with the questions as stated by the court, if the defendants are entitled to a jury trial. The defendants, The International Bridge Company and the Grand Trunk Railway Company, appeal from that part of the order which states the questions to be tried by a jury, but are content with the order in so far as it decides that the defendants are entitled to a jury trial.

*Charles P. Norton,* for the plaintiff.

*Adelbert Moot* and *Henry W. Sprague,* for the defendants, International Bridge Company and Grand Trunk Railway Company.

McLENNAN, J.:

The action was commenced on the 15th day of April, 1902, to enjoin the defendants, The International Bridge Company and the Grand Trunk Railway Company, and any and all other persons or corporations, from occupying or trespassing upon the premises described in the complaint, and to compel the railroad companies to remove their tracks, buildings and other property from said premises, to recover the damages occasioned by the occupation of said premises by said railroad companies, or, in the alternative, that the International Bridge Company and the Grand Trunk Railway Company pay to the plaintiff the value of the premises occupied by them, upon the execution and delivery to them of proper deeds of conveyance; and, finally, for the purpose of having the interests of all the parties to the action determined, and to recover judgment accordingly.

The complaint is voluminous. It describes a parcel of land in the city of Buffalo known as "Porter Square," which it is claimed is owned by the plaintiff. It is alleged, in substance, that such square was dedicated many years ago to the city of Buffalo as a public square, and in such manner and by such proceedings that

the title to the same and the right of occupancy reverted to the grantors in case it was appropriated to any other purpose, or was permitted by the city to be used for any private purpose. The interests, or alleged interests, in the premises of all the parties are set forth in detail, and appropriate equitable relief is demanded against each of the defendants.

The complaint was demurred to by the defendants, The International Bridge Company and the Grand Trunk Railway Company. The demurrers were overruled by the trial court, and upon appeal to the Appellate Division the judgment was affirmed. (45 App. Div. 419.) The defendants appealed to the Court of Appeals, and the decision of the Appellate Division was affirmed. (163 N. Y. 85.) Upon rendering its decision the Court of Appeals said: "The appellants claim that the complaint contains a cause of action for ejectment against some of the parties, and as to others an equitable action to settle and determine the rights and interests of the parties in regard to the property in question. After a careful examination of the complaint, we are of the opinion that it is not to be regarded as stating more than one cause of action, viz., a cause of action in equity to determine and enforce the rights of the various parties to the property, which is the subject of the action, and that all the rights sought to be established and enforced arose out of the same transaction or transactions connected with the same subject of action, and their joinder in the same complaint was justified by the provisions of section 484*."

That is the law of this case, and, therefore, it is settled that the plaintiff has brought an action in equity and not an action at law. The only theory upon which the order which is the subject of this appeal was made was that the plaintiff had failed to establish an equitable cause of action against the defendants, The International Bridge Company and the Grand Trunk Railway Company, but that the evidence tended, as against them, to establish a cause of action at law. The learned counsel for those defendants argues that such is the case; that the evidence, if it established any cause of action against those companies, authorized an action of ejectment, and, therefore, he insists that they were entitled to a jury trial, irrespective of the decision of the Court of Appeals, which held that the

* Section 484 of the Code of Civil Procedure.— [REP.

facts alleged in the complaint constituted a cause of action in equity.

From an examination of the record we are satisfied that the evidence given by the plaintiff was upon the same lines as the allegations of the complaint, and tended to support its material allegations. It, however, is unnecessary to determine that question upon this appeal. If the plaintiff failed to prove a cause of action in equity as against the appealing defendants, considering their relations to the other defendants, it was the duty of the trial court to have dismissed the complaint as to them. In other words, if the evidence of the plaintiff failed to establish a cause of action in equity the court had no power — and no court will have power — to treat the action as an action at law, and render judgment accordingly; certainly not unless the complaint is amended. The defendants' contention involves the proposition that under a complaint which states a purely equitable cause of action, in case the evidence fails to establish such a cause of action, and does establish a cause of action at law, judgment may be entered accordingly. We think there is no such rule of practice. In case the order appealed from should stand, and the issues stated should be tried before a jury, the court would have no power to give judgment the same as if the complaint had stated a cause of action at law. Upon a complaint such as there is in this action, only a judgment in equity can be rendered.

In this view of the case it is immaterial what was established or not established by the evidence; the order appealed from should be reversed. It was the duty of the court, instead of making the order appealed from, to have decided the case upon the evidence. If no cause of action in equity was established against any of the defendants, to have dismissed the complaint. If a cause of action in equity was established as against any of the defendants, to have rendered judgment accordingly.

The appealing defendants are not entitled, as a constitutional right, to a jury trial in this action. The Court of Appeals having decided (163 N. Y. 79) that the complaint states a cause of action in equity, if the plaintiff's proof failed to establish such a cause of action against any defendant within the allegations of the complaint, the complaint should have been dismissed. If it established such cause of action as against any defendant, judgment should

have been rendered accordingly. A defendant in an action which, under the allegations of the complaint, is purely an "action in equity," is not entitled to a jury trial as a constitutional right, without reference to what the proofs given upon the trial of such action may or may not establish.

Order reversed, with ten dollars costs and disbursements.

ADAMS, P. J., SPRING, WILLIAMS and HISCOCK, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.