TRULY WARNER, Appellant, v. AMELIA DUNLAP, Also Known
as AMELIA N. DUNLAP, Respondent.

First Department, April 1, 1921.

**Appeal — time to appeal by administrator of party dying after entry
of judgment — extension of time.**

Where a party to an action dies after the entry of judgment his adminis-
trator, under section 785 of the Code of Civil Procedure, must procure
an order for leave to appeal, enter the same and serve a notice of appeal
within four months after the party's death, and the court is without
power to extend the time to appeal beyond that period.

APPEAL by the plaintiff, Truly Warner, from so much of
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 13th day of September, 1920, as resettled
by an order entered in said clerk's office on the 8th day of
October, 1920, and as further resettled by an order entered
in said clerk's office on the 8th day of February, 1921, as
grants the motion of David L. Weil, as temporary adminis-
trator of the estate of the defendant, for leave to appeal from
the judgment entered in this action, and from so much of
said order as resettled as gives to the temporary administrator
until the 28th day of September, 1920, to appeal from said
judgment.

Appeal, also, from an order of the Supreme Court, made at
the New York Special Term and entered in the office of the
clerk of the county of New York on the 8th day of October,
1920, denying plaintiff's motion to have the court declare
that so much of the motion theretofore made by David L.
Weil, as temporary administrator, as prayed for an order
allowing him to appeal from the judgment entered herein,
had been waived, abandoned and abated.

*Louis Salant* of counsel [*Joseph J. Cunningham* with him
on the brief; *Morton Stein*, attorney], for the appellant.

*Edward Maxson*, for the respondent.

GREENBAUM, J.:

The facts are that a judgment was entered against defend-
ant on April 20, 1920, in favor of the plaintiff; that copies of

the judgment and order denying motion for a new trial were duly served on the defendant's attorney on April 20, 1920; that on the 2d day of May, 1920, and before any notice of appeal was served, the defendant died; that on July 30, 1920, temporary letters of administration of decedent's estate were issued to David L. Weil by the Surrogate's Court of the county of New York; that the temporary administrator served notice of motion on the 26th day of August, returnable on the 31st day of August, 1920, for an order substituting the temporary administrator as party defendant in the place and stead of the deceased defendant and allowing an appeal to be taken by the administrator from the judgment heretofore described pursuant to section 785 of the Code of Civil Procedure; that on August 31, 1920, the return day of the motion, a representative of the attorney for the plaintiff attended at Special Term, Part 1, and upon the call of the calendar stated that there was no objection to the granting of the motion; that the court thereupon published the following memorandum: " Motion for leave to substitute the temporary administrator as a party defendant is granted. No opposition. Settle order on notice; " that notice of settlement was given, returnable on the 8th day of September, 1920, accompanied by a proposed order which contained a provision giving the temporary administrator " leave to take an appeal from the said judgment on or before the —— day of ——, 1920; " that the plaintiff submitted to the court a counter proposed order together with an affidavit of Lewis Epstein setting forth that no order allowing the appeal to be taken had been entered prior to September 3, 1920, and that the last day for the temporary administrator to take an appeal was the 2d day of September, 1920; that the counter proposed order contained a provision for the substitution of the administrator and the further provision which reads as follows: " Ordered, that except as aforesaid the same motion is hereby declared to have been waived and abandoned since the making thereof and that the same is abated.

It also appears that in addition to submitting counter proposed orders, the plaintiff on September 3, 1920, moved upon affidavit showing *inter alia* that the time for the administrator's appeal had expired on September 2, 1920, for an

order that so much of the motion theretofore made by David L. Weil, as temporary administrator, as prayed for an order allowing him to appeal from the aforesaid judgment, be declared waived, abandoned and abated.

The order proposed in behalf of the temporary administrator was signed granting him leave to take the appeal from the judgment on or before September 28, 1920. The plaintiff's motion that the order allowing the administrator to appeal from the judgment entered in the above-entitled action had been waived, abandoned and abated was denied.

It is well settled that, excepting under the circumstances set forth in section 785 of the Code, the court is powerless to extend the time for taking an appeal. (Code Civ. Proc. § 784; *Humphrey* v. *Chamberlain*, 11 N. Y. 274; *Wait* v. *Van Allen*, 22 id. 319; *Salles* v. *Butler*, 27 id. 638; *Guarantee Trust Co.* v. *P., R. & N. E. R. R. Co.*, 160 id. 1.)

Section 785 (as amd. by Laws of 1877, chap. 416) provides: "Where a party entitled to appeal from a judgment or order, or to move to set aside a final judgment for error in fact, dies either before or after this chapter takes effect, and before the expiration of the time within which the appeal may be taken, or the motion made, the court may allow the appeal to be taken, or the motion to be made, by the heir, devisee, or personal representative of the decedent, at any time within four months after his death."

It is plaintiff's contention that section 785, under which the administrator moved for leave to appeal, limited the time within which the notice of appeal can be served to four months from the day of the death of the decedent and that the order granting leave to appeal having been entered after the expiration of the four months was nugatory and of no effect.

The language of section 785 is not felicitous. A careful study of its evident meaning convinces us that the Legislature thereby intended to extend the right of appeal to the heirs, devisees or legal representatives of a party whose death prevented an appeal, and that a fixed period of time, *i. e.*, four months, after such death within which to perfect an appeal, was deemed by the Legislature to be sufficient, doubtless taking into account unavoidable delays incident to obtaining letters testamentary or of administration.

The effect of the amendment consequently is that at any time within four months of the death of a party, his heirs, devisees or personal representatives may serve a notice of appeal or make a motion to set aside a final judgment for error in fact, provided, however, that the court has allowed an appeal to be taken. It follows, therefore, that both the order for leave to appeal must be entered and the notice of appeal following the order must be served within four months of the death of the party.

Unless the appeal is actually taken by permission of the court (not a judge out of court) within the four months, the court is powerless to extend the time to appeal beyond that period.

It follows that the orders appealed from must be reversed, with ten dollars costs, the motion for leave to appeal from judgment denied, and the motion to declare the appeal abandoned granted.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Orders reversed, with ten dollars costs and disbursements; motion for leave to appeal from judgment denied, and motion to declare appeal abandoned granted.