Henry A. Hudson, J.
The Marine Midland Trust Company of Central New York, as administrator with the will annexed of the estate of Merrill Denison-Forbes, by order to show cause, has moved for an extension of time in which to move in the Appellate Division, Fourth Department, for leave to appeal to the Court of Appeals from a decision of the Appellate Division, Fourth Department made and entered November 30, 1961 (14 A D 2d 991) which unanimously affirmed the decision of the Supreme Court dated March 9, 1961 dismissing the objections of the predecessor executor of the moving party in the above-entitled proceeding.
Clifford H. Searl, as executor of the last will and testament of Merrill Denison-Forbes was such predecessor. Clifford H. Searl died November 13, 1961 after the appeal taken by him had been argued October 25,1961 but before such appeal had been decided. On December 7, 1961 a photostatic copy of the order of the Appellate Division, Fourth Department, entered November 30, 1961, above referred to, was served upon the attorneys for the said Clifford H. Searl as executor with notice of entry thereof attached. On December 14, 1961 such photostatie copy with notice of entry was returned upon the ground of the death of Clifford H. Searl as executor, with the advice that such counsel had no authority whatsoever to receive the papers. The Marine Midland Trust Company of Central New York was appointed the administrator with the will annexed of the estate of Merrill Denison-Forbes on February 21, 1962. Thereafter on March 1, 1962 the Marine Midland Trust Company of Central New York, as administrator with the will annexed, moved in the Appellate Division, Fourth Department, for permission to appeal from the decision of November 30, 1961 above referred to, such motion being made returnable at the next motion day of the Appellate Division, Fourth Department on March 27,1962 (see 15 A D 2d 994). Such motion in the Appellate Division was made by the successor administrator as a person aggrieved, who was not a party, under subdivision 2 of section 557 of the Civil Practice Act.
Concurrently with the present motion, the Marine Midland Trust Company of Central New York, as such administrator, c. t. a., also moved for an order substituting itself as a party *465 respondent in the above-entitled proceeding in the place and stead of the now deceased, Clifford H. Searl, as executor. There was no objection to the granting of such motion and the same was on March 5, 1962 granted. An order of substitution was signed on March 7, 1962 and presumably has been entered.
The Marine Midland Trust Company of Central New York as administrator c. t. ahereinafter referred to as petitioner, upon this motion seeks the relief authorized under subdivision 2 of section 99 of the Civil Practice Act. The pertinent portion of which reads as follows: “where a party entitled to appeal from a judgment or order, or to move to set aside a final judgment for error in fact, dies before the expiration of the time within which the appeal may be taken or the motion made, the court may allow the appeal to be taken or the motion to be made by the heir, devisee or personal representative of the decedent, at any time within four months after his death. ’ ’ The petitioner urges that its predecessor, Clifford H. Searl, as executor, was “ a party entitled to appeal from a judgment or order ”, and that inasmuch as Clifford H. Searl died November 13, 1961, this court may allow the appeal to be taken at any time within four months after such death, specifically until March 13, 1962. The petitioner also urges that, although its predecessor could not appeal as a matter of right, he would have the right to apply to the Appellate Division for permission to appeal and that this right is included within the meaning of subdivision 2 of section 99 of the Civil Practice Act to the same extent that it would be if the appeal were a matter of right. No case has been submitted to the court, although the proposition has been most thoroughly and ably briefed, considering the limited time which has been available. Neither has the court been able to find any case in which this question seems to have been considered. The petitioner relies upon Porter v. International Bridge Co. (163 N. Y. 79). This case involved a construction of sections 190, 191 and 1325 of the Code of Civil Procedure. Section 1325, now section 592 of the Civil Practice Act, provided 60 days within which an appeal could be taken to the Court of Appeals. Section 191, now section 589 of the Civil Practice Act, provided for the right to seek permission to appeal to the Court of Appeals. The Court of Appeals held that the provisions of sections 190,191 and 1325 should be construed together and that the limitation of 60 days contained in section 1325 should be held to apply only to cases where the right of appeal existed — section 190 — and not to cases where permission had to be obtained — section 191 — and that the provisions of section 1325 should not become applicable *466 until after the order allowing it was granted, otherwise it was pointed out, that appellants, through no neglect or fault of their own, could be deprived of their rights under sections 190 and 191 and that no such result could have been intended by the Legislature. It then pointed that the contention of the respondents that this would permit undue delay was not well taken, that an application under section 191 had to be made at either the same term at which the order or judgment was granted or at the next succeeding term and that consequently little delay would result. The court thereupon held (p. 85): “ Until the end of the next term the party has a right to apply for such an allowance, and, if obtained, then for the first time the provisions of section 1325 limiting his time to appeal apply. If no application is made within that time, none can be subsequently granted. This rule is fair to parties, easily understood and enforced, has been in existence for many years and is recognized by the Code.” The court, in discussing what constitutes a right to appeal, stated (p. 83): “ It is manifest that in this case the appellants had no right to appeal until they obtained the order of the Appellate Division. Then for the first time they possessed that right. Until then they could take no effective steps towards an appeal, except to apply to the court for the necessary leave.” And at page 84: “ Thus both the Constitution and statutes, as they now stand, confer upon the court the right to allow such an appeal, and upon litigants the provisional right of appeal upon obtaining such an allowance. When the consent of the Appellate Division is given the right becomes absolute. ’ ’
Under section 592 of the Civil Practice Act an appeal as of right to the Court of Appeals is required to be taken within 60 days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of entry thereof. An application to the Appellate Division for permission to appeal to the Court of Appeals must be made within 30 days after the service of a copy of the judgment or order and the application will then be deemed returnable at the next Motion Term in the Appellate Division occurring more than 4 days after such service. It will, therefore, be seen that in situations such as exist in the case now before the court, the application for permission to appeal is limited to 30 days whereas an appeal as a matter of right is 60 days. It would therefore seem that frequently, if an application for permission to appeal were granted so that the right to appeal became absolute, the appellant would still have time under the 60-day period for appeal as a matter of right to complete his appeal. If, however, *467 circumstances prevented this, through no fault of the appellant, an application could be made by him pursuant to the provisions of subdivision 2 of section 99 at a time when he would, without question stand in the position of “ a party entitled to appeal,’"’ and the court would be justified in extending the time for a period of four months from the date of death so that such appeal could be perfected.
The petitioner also relies upon Warner v. Dunlap (196 App. Div. 41) as the most prominent authority for the limitations on the extensions under subdivision 2 of section 99 of the Civil Practice Act. In this case the court stated (pp. 43-44):
“ The language of section 785 is not felicitous. A careful study of its evident meaning convinces us that the Legislature thereby intended to extend the right of appeal to the heirs, devisees or legal representatives of a party whose death prevented an appeal, and that a fixed period of time, i.e., four months, after such death within which to perfect an appeal, was deemed by the Legislature to be sufficient, doubtless taking into account unavoidable delays incident to obtaining letters testamentary or of administration.
“ The effect of the amendment consequently is that at any time within four months of the death of a party, his heirs, devisees or personal representatives may serve a notice of appeal or make a motion to set aside a final judgment for error in fact, provided, however, that the court has allowed an appeal to be taken. It follows, therefore, that both the order for leave to appeal must be entered and the notice of appeal following the order must be served within four months of the death of the party.
1 ‘ Unless the appeal is actually taken by permission of the court (not a judge out of court) within the four months, the court is powerless to extend the time to appeal beyond that period.”
The court further stated (p. 43): “It is well settled that, excepting under the circumstances set forth in section 785 of the Code, the court is powerless to extend the time for taking an appeal. (Code Civ. Prac., § 784 [now Civ. Prac. Act, § 99, subd. 2] ”.)
It is apparent that if this court were to grant the extension of time requested by the petitioner under subdivision 2 of section 99 that, in the present case, it would be impossible for the petitioner to argue its application for permission to appeal within the four months’ period which the court is allowed under subdivision 2 of section 99 to extend the time to appeal. Even if it *468 is held that the motion made by the petitioner March 1 and returnable March 27, 1962 in the Appellate Division was properly made (it being remembered that the petitioner had not then been substituted for the deceased executor as a party in this action), no determination by the Appellate Division on the application could be made before March 27, 1962. This would be some two weeks after the expiration of the four-month period allowed in the statute. Under Warner v. Dunlap (supra) and Porter v. International Bridge Co. (163 N. Y. 79, supra) no right of appeal would become established until favorable action was taken by the Appellate Division on the application for permission to appeal and consequently no notice of appeal could be filed based upon the granting of permission to appeal until after March 27, 1962.
I am of the opinion that I have no authority to grant the four-month extension provided for under subdivision 2 of section 99 of the Civil Practice Act unless it would allow the petitioner sufficient time to perfect its appeal by serving its notice of appeal within the four-month period fixed under subdivision 2 of section 99. I am also satisfied that I have no right to grant any other or further extension of time to appeal except that set forth in subdivision 2 of section 99.
In view of the above, it is unnecessary for me to pass upon the specific question presented upon this motion, whether subdivision 2 of section 99 authorizes the court to grant the four months’ extension to a party who seeks permission to appeal to the Court of Appeals either in the Appellate Division or in the Court of Appeals itself, or whether it is limited solely in the instance of a party entitled to appeal as a matter of right. This question does not seem to have been passed upon directly. That it does present a serious question, however, is borne out by the suggestion of the Advisory Committee on Practice and Procedure (N. Y. Legis. Doc., 1958, No. 13, p. 321) the Advisory Committee says of its proposed rule 23.21, suggested to replace subdivision 2 of section 99 of the Civil Practice Act, that: “ Proposed rule 23.21 should also be amended to cover expressly motions for permission to appeal.” That provision appears in section 1022 of the new proposed Civil Practice Law and Rules of the Civil Practice now before the Legislature for consideration (Sen. Int. No. 26, Pr. No. 26).
The petitioner’s motion insofar as it seeks relief under the provisions of subdivision 2 of section 99 of the Civil Practice Act is denied, with $10 costs.