HIRAM W. LANE, Appellant, *v.* JOSIAH H. WHEELER, Respondent.

A notice of appeal to this court from an order granting a new trial, which does not contain an assent on the part of the appellant as required by the Code of Civil Procedure (Subd. 1, § 191) that, if the order is affirmed judgment absolute shall be rendered against him, is fatally defective.

Assuming that the time to appeal from an order granting a new trial might be extended by the facts that the appeal cannot be taken without leave of the General Term, and that such leave could not be obtained until the next General Term, the notice of appeal must at least be served within sixty days after leave is granted.  It is immaterial that the appellant fails to enter the order granting leave ; he cannot extend his time to appeal by delaying to enter an order obtained for himself, upon his own motion.

(Argued December 1, 1885 ; decided December 8, 1885.)

MOTION to dismiss appeal on the grounds that the notice of appeal is defective and was not served in time.

The material facts are stated in the opinion.

*Cook & Lockwood* for motion.

*Smith & Fisher* opposed.

*Per Curiam.* The notice of appeal is defective because it does not contain an assent on the part of the appellant that, if the order is affirmed, judgment absolute shall be rendered against him, as required by subdivision 1 of section 191 of the Code.

The claim of the respondent is also well founded, that the notice of appeal was not served in time. The Code (§ 1325) requires that an appeal to this court from an order must be taken within sixty days after service upon the attorney for the appellant of a copy of the order appealed from, and a written notice of the entry thereof. A copy of the order with the written notice was served on the attorneys for the appellant on the 20th day of May, 1885, and the notice of appeal to this court was not filed with the clerk until October fourteenth, and was not served on the respondent's attorney until October sixteenth, nearly five months after the twentieth day of May. But the claim is made for the appellant, that the limitation of time for an appeal from an order, specified in section 1325, is not applicable to this case, because the appeal could not be taken without leave of the General Term, and that such leave could be obtained only at the next General Term, which was held in June, 1885. Assuming that the time to appeal might be extended by the circumstance mentioned, the notice of appeal must be served at least within a reasonable time after leave to appeal has been granted. Plaintiff's motion for leave to appeal was granted at the June General Term, and the decision was handed down July third. The appeal should have been taken, at least, within sixty days from that date, and yet it was delayed more than ninety days from that date. It matters not that the appellant did not enter a formal order granting leave to appeal until September first. He could not extend his time to appeal by delaying to enter an order obtained for himself upon his own motion. It is clear, therefore, that the appeal was not taken in time, and upon both grounds mentioned it should be dismissed, with costs.

All concur.

Appeal dismissed.