GUARANTEE TRUST AND SAFE DEPOSIT COMPANY, Trustee, Respondent, v. PHILADELPHIA, READING AND NEW ENGLAND RAILROAD COMPANY, Respondent.

JOSEPH S. HARRIS et al., as Receivers of the PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellants; JAMES K. O. SHERWOOD, as Receiver of the PHILADELPHIA, READING AND NEW ENGLAND RAILROAD COMPANY, Respondent.

1. APPEAL — ORDER UPON CLAIM AGAINST RECEIVER IN FORECLOSURE. An order determining the petition of a claimant for payment from a receiver appointed in a pending action for the foreclosure of a corporation mortgage is not a final order in a special proceeding, and hence is not appealable to the Court of Appeals as a matter of right.

2. INVALID APPEAL WITHOUT PERMISSION NOT CURED BY SUBSEQUENT PERMISSION, AFTER EXPIRATION OF TIME TO APPEAL. An appeal taken without prior permission, from an order not appealable as of right, is not cured by a subsequent order of the Appellate Division purporting to allow the appeal *nunc pro tunc* and certifying a question for review, made after the expiration of the statutory time to appeal.

3. UNAUTHORIZED ALLOWANCE OF APPEAL. Where an appeal from an order not appealable as of right has been taken to the Court of Appeals without prior permission, the Appellate Division has no authority to grant a retroactive allowance of the appeal *nunc pro tunc*.

4. FAILURE TO RENEW APPEAL AFTER PERMISSION — LIMIT OF TIME TO APPEAL. Even if a notice of entry of an order fails, by reason of insufficiency, to limit the time to appeal, no case is presented for the Court of Appeals by an order of the Appellate Division allowing *nunc pro tunc* an appeal previously taken without a prerequisite permission, where no appeal has been taken within sixty days after the allowance of the right to appeal.

1

5. ENTRY OF APPELLATE DIVISION ORDER — NOTICE OF APPEAL. The fact that a notice of entry of an order of the Appellate Division refers to the final entry in the office of the county clerk, without referring to the preliminary entry in the office of the clerk of the Appellate Division, does not render the notice insufficient to limit the time to appeal from the order.

*Guarantee Trust & S. D. Co.* v. *P., R. & N. E. R. R. Co.*, 31 App. Div. 511, appeal dismissed.

(Argued June 5, 1899; decided October 3, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 9, 1898, which affirmed in part and in part reversed an order of the Special Term.

The nature of the action and of the order, and the facts, so far as material, are stated in the opinion.

*Treadwell Cleveland* and *Herbert J. Bickford* for appellants. The order of the Appellate Division dated May 8, 1899, cured the defect in the petitioners' appeal. (Code Civ. Pro. § 190, subd. 2 ; *People* v. *St. Nicholas Bank*, 150 N. Y. 563 ; 151 N. Y. 592.) The petitioners' time to appeal from the order of the Appellate Division, dated June 7, 1898, has never been limited. (Code Civ. Pro. §§ 1325, 1355 ; *Lent* v. *N. Y. & M. R. Co.*, 130 N. Y. 504 ; *Matter of N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 112 ; *Kelly* v. *Sheehan*, 76 N. Y. 325 ; *Livingston* v. *N. Y. E. R. R. Co.*, 60 Hun, 473 ; *Valton* v. *N. L. F. L. A. Soc.*, 19 How. Pr. 515 ; *Weeks* v. *Coe*, 36 App. Div. 339.)

*James Armstrong* for J. K. O. Sherwood, respondent.

*Wm. W. Jenks* for plaintiff, respondent. The appeal should be dismissed on the ground that the order originally appealed from is not appealable to this court, and upon the further ground that the order of the Appellate Division extending the appellants' time to appeal beyond the time limited by law is unauthorized and void. (*N. Y. S. Co.* v. *S. G. & E. L. Co.*, 156 N. Y. 645 ; Code Civ. Pro. §§ 190, 1325.)

*David B. Hill, Charles E. Morgan, Jr.,* and *Milton A. Fowler* for defendant, respondent.

Martin, J. This action was commenced August 19, 1893, to foreclose certain mortgages made by the defendant, which were given to secure the payment of its bonds. On the same day James K. O. Sherwood was appointed receiver of the defendant *pendente lite* with the usual powers of receivers in such cases. The order appointing him also provided that he might pay for such repairs, supplies, labor and services as he, in his judgment, considered necessary to conserve the property and operate the road of the defendant, and likewise that he might pay debts of the defendant theretofore incurred for the current expenses of the operation of the road during the three months next preceding the date of the order.

In February, 1893, receivers of the Philadelphia and Reading Coal and Iron Company had been appointed. On April 2, 1894, they intervened in this action by petition, alleging that between May 31, 1893, and August 19, 1893, the company had sold and delivered to the defendant coal necessary to operate its railroad, for which there was due the amount of more than fifteen thousand dollars. The defendant filed an answer to the petition, and a referee was appointed to take proof as to the claim of the receivers of the coal company. A trial was subsequently had before the referee, who reported the evidence to the court with his opinion thereon. As shown by his report, he was of the opinion that the petitioners had established a claim against the defendant for fifteen thousand six hundred and fifteen dollars and forty-two cents, and that the receiver should be directed to pay the same with interest, costs and disbursements. Upon motion before the Special Term, an order was made confirming the report of the referee so far as it found that the company represented by the petitioners had, between the nineteenth of May, 1893, and the nineteenth of the following August, sold and delivered to the defendant coal necessary for the operation of its road and that its value was the amount stated. It, however, denied the

motion so far as it was sought to obtain an order directing the receiver of the defendant to pay the claim, and instructed him not to pay it, but to pay the petitioners three hundred and sixty dollars, the fees and disbursements of the referee.

An appeal to the Appellate Division from so much of the order as denied the motion for an order directing the receiver to pay the claim, was taken by the petitioners. The plaintiff and defendant appealed from that part of the order which approved and confirmed the portion of the report of the referee in which he found that the coal had been furnished to the defendant by the corporation represented by the petitioners, and also from that portion which directed the receiver to pay the petitioners three hundred and sixty dollars. Sherwood, as receiver, also appealed from the latter portion of the order.

June 7, 1898, the Appellate Division affirmed the portion of the order from which the petitioners appealed. The portion of the order which directed the receiver to pay referee's fees was reversed, and the appeals of the plaintiff and defendant were dismissed.

On the eleventh day of July, 1898, the respondent served a copy of the order of the Appellate Division, upon which was indorsed the following notice: "Please take notice that the within is a copy of an order on appeal from order duly made and entered herein and filed in the office of the clerk of Dutchess county on the 9th day of July, 1898." An admission of the service of a copy of such order and notice of entry, duly indorsed thereon, was signed by the appellants' attorneys and dated July 11, 1898.

September 3, 1898, the petitioners served a notice of appeal to this court from every part of the order of the Appellate Division, except the portion which dismissed the appeals of the plaintiff and defendant.

May 8, 1899, more than nine months after a copy of the order of the Appellate Division and notice of its entry was served, upon the application of the appellants, the Appellate Division made an order allowing the petitioners to appeal to

this court. The order also provided that such permission should apply to any appeal already taken by them, stated that certain questions of law had arisen which ought to be reviewed by the Court of Appeals, and certified the following question to be answered by that court: "Are the petitioners, Joseph S. Harris, Edward M. Paxson and John Lowber Welsh, as Receivers of the Philadelphia & Reading Coal and Iron Company, entitled to payment of their claim out of any funds in the hands of James K. O. Sherwood, as Receiver of the Philadelphia, Reading and New England Railroad Company, in preference to the bondholders of the said Philadelphia, Reading and New England Railroad Company?"

The order of the Appellate Division further provided that it should have the same force and effect as if it had been duly made and entered on or before September 2, 1898, and that the same be entered *nunc pro tunc* as of that day.

Upon the argument the respondent insisted that this appeal should be dismissed. That insistence was based upon the theory that no valid appeal has been taken to this court.

It is obvious that the order from which an appeal was attempted to be taken was not a final order in a special proceeding, and, hence, was not appealable to this court as a matter of right. This question has been so often, so fully, and so recently considered by us, that we deem any further discussion of the appealability of such an order as wholly unnecessary. (*N. Y. Security Co.* v. *Saratoga G. & El. L. Co.*, 156 N. Y. 645; *People* v. *American Loan & Trust Co.*, 150 N. Y. 117; *People* v. *St. Nicholas Bank*, 150 N. Y. 563; *Merriam* v. *Wood & Parker Lith. Co.*, 155 N. Y. 136; *Jewelers' Mer. Agency* v. *Rothschild*, 155 N. Y. 255; *Van Arsdale* v. *King*, 155 N. Y. 325; *Matter of Attorney-General*, 155 N. Y. 441.)

It is, therefore, manifest that at the time when the notice of appeal was served, the appellants had no right of appeal, and, hence, the service of the notice was without authority, and a mere nullity. This position is not seriously contested. The claim is that the order of the Appellate Division allow-

ing an appeal to this court, certifying a question to be answered by it, and providing that the order should relate back to the time when the notice of appeal was served, has effected an appeal to this court, although no valid appeal had been previously taken.

It is to be observed that but one notice of appeal has been served, and that since the order allowing an appeal, no steps have been taken to take or perfect one. The situation, briefly stated, is this: The appellants attempted to appeal at a time when they had no right or authority to do so. Afterwards, they obtained authority to appeal but none was subsequently taken. Instead of obtaining an order allowing an appeal, and then appealing, they sought by the order of the Appellate Division to make its allowance of an appeal retroactive so as to render valid an appeal which was a mere nullity. While, if the appellants had possessed authority to appeal when their notice was served and some mere irregularity had arisen or existed, it is very probable that the Appellate Division might have granted an order to correct or remedy it, but that the Appellate Division had authority to grant an order to make effective an appeal which was absolutely invalid, we do not believe.

If valid, the effect of such an order would be to extend the time within which an appeal could be taken. Title 6 of chapter 8 of the Code of Civil Procedure states general rules relating to the time and the extension of time within which certain acts shall be performed. After providing that the time within which any proceeding in an action must be taken may be enlarged, it limits the general power thus granted by the provision that a court, or a judge, shall have no authority to extend the time fixed by law, within which to take an appeal. There are some qualifications to this provision, but none which has any application here.

When the order of the Appellate Division allowing an appeal to this court was made, although the appellants had attempted to take such an appeal, their proceedings to accomplish that purpose were nugatory, as the order sought to be

reviewed was not then appealable to this court.   With matters in that situation, the appellants applied for and obtained an order allowing their appeal *nunc pro tunc* and providing that it should apply to the appeal already taken.   The indirect effect of this order, if valid, was to enlarge the time to appeal.   That the Supreme Court had no authority to do. The legislature having denied to the court that power, the Appellate Division could not relieve the appellants from the consequences of their omission to earlier procure an order granting them such leave, even by providing in the order that it should have that effect.   In other words, the court could not do indirectly what it was forbidden to do directly.   (*Humphrey* v. *Chamberlain*, 11 N. Y. 274 ; *Wait* v. *Van Allen*, 22 N. Y. 319 ; *Salles* v. *Butler*, 27 N. Y. 639 ; *Clapp* v. *Hawley*, 97 N. Y. 610.)

Moreover, there having been no previous order allowing an appeal, the Appellate Division had no authority to grant such an order *nunc pro tunc*.   The theory upon which an order may be granted to take effect as of a previous date, is that some ruling has been made which was not properly, or was improperly, entered.   A court has no power to have a new order or ruling so entered, thus bringing into the record an element which did not previously exist.   The facts must exist, and then if the record of them is imperfect or incomplete, it may be amended, but if the record shows the actual facts then no order can be properly made changing them so as to take the place of an act that was required to be previously performed. While a court may record an existing fact *nunc pro tunc*, it cannot record a fact as of a prior date when it did not then exist.   (Elliott's Appellate Procedure, § 209.)

The appellants seek to avoid this result by claiming that their time to appeal has not expired because the notice of the entry of the order was defective, and, therefore, did not limit the time within which they were permitted to appeal.   It is doubtless true that if the notice of the entry of the order was insufficient, the time to appeal was not thereby limited.   But even if that was the case it does not change the situation as

to this appeal. If it was admitted that their time to appeal was not limited by the respondent's notice, yet, as no appeal has been taken since they acquired that right, the case is not before us.

In *Lane* v. *Wheeler* (101 N. Y. 17), where the proceedings to appeal were fatally defective, this court held that even if the time to appeal might be extended by the facts that the appeal could not be taken without leave of the court, and that such leave could not be obtained until the next term, the appeal must be taken within sixty days after leave was granted, and the appeal in that case was dismissed upon that ground. Applying the principles of that decision to this case, it becomes obvious that as no appeal has been taken since the order of the Appellate Division, and as more than sixty days have elapsed since it was granted, no valid appeal has or can now be taken to this court.

We are, however, of the opinion that the appellants' contention that the notice of the entry of the order was fatally defective cannot be maintained. The Code provides that " An appeal to the Court of Appeals, from an order, must be taken within sixty days after service, upon the attorney for the appellant, of a copy of the order appealed from, and a written notice of the entry thereof." (§ 1325.)

It is not denied that a copy of the order and a written notice of its entry was served. The whole contention of the appellants rests upon the claim that the notice was insufficient because it stated that the order was entered in the office of the clerk of Dutchess county on the ninth day of July, whereas it was entered in the office of the clerk of the Appellate Division on the seventh of July, and a certified copy filed in the Dutchess county clerk's office on the ninth day of that month. The rules of the Supreme Court, as well as section 1355 of the Code of Civil Procedure, provide for the entry of orders of the Appellate Division in the office of the clerk of that court, that a certified copy is to be filed in the office of the county clerk and that thereupon a judgment is to be entered. Manifestly, the purpose of the rules and statute is

to enable the clerk of the Appellate Division to keep a record of its decisions, and that then a copy of the decision shall be forwarded to the office of the county clerk where the final order or judgment is to be entered. Evidently that was the course pursued. To say that the notice was irregular and insufficient because it referred to the order as entered in the county clerk's office, when the final order or judgment was to be there entered, would be hypercritical. It is obvious that no final order or judgment could be properly entered in any other office.

While it has sometimes been held that strict compliance with section 1325 and similar statutes is required to limit the time of a party to appeal, still, we think that the statute should not be so rigidly construed as to nullify its object or to make it difficult of application. The evident purpose of that section was to enable parties to avoid undue delays and to promptly secure the final determination of their cases.

We think the notice in this case was sufficient, and that it limited the appellants' right to appeal to the period of sixty days after its service.

The appeal should be dismissed, with costs.

All concur, except O'BRIEN, J., not voting.

Appeal dismissed.