FRANK W. TERWILLIGER, Appellant, *v.* BROWNING, KING AND COMPANY, Respondent.

Appeal — right to appeal to Court of Appeals — Constitution — statutory provisions — Appellate Division may allow appeal to Court of Appeals only at same term as decision, or at next term after judgment is entered.

1. There is no natural or inherent right to appeal to the Court of Appeals. By the Constitution the legislature is given express authority to restrict the right of appeal to the Court of Appeals, except the restriction must not depend upon the amount involved, and no appeals can be taken except under and in conformity with the statute (Code Civ. Pro. §§ 190, 191).

2. The limitation upon the time in which the Appellate Division can allow an appeal under the statute is in no way controlled or affected by the service of the order from which an appeal is desired to be taken either with or without notice of the entry thereof. The appeal must be allowed by an order "made at the term which rendered the determination, or at the next term after the judgment is entered thereupon." If it is not allowed within the time prescribed by the statute it cannot be subsequently granted.

*Terwilliger* v. *Browning, King & Co.*, 152 App. Div. 552, appeal dismissed.

(Submitted March 3, 1913; decided March 11, 1913.)

MOTION to dismiss an appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 17, 1912, which reversed an order of Special Term granting a motion for judgment in favor of plaintiff on the pleadings.

The motion was made upon the grounds that the order granting leave to appeal and certifying a question which ought to be reviewed by the Court of Appeals was not granted at the term which rendered the determination from which the appeal is taken or at the next term after the order upon such determination was entered.

*Charles P. Northrop* for motion.

*Augustus Van Wyck* and *Abraham Feinstein* opposed.

CHASE, J. The plaintiff obtained at the Special Term an order for judgment upon the pleadings after a demurrer to the complaint, from which order an appeal was taken to the Appellate Division, where it was reversed and the motion denied. The determination of the appeal to the Appellate Division was rendered at the September term in 1912 and the order was entered October 17. There is a dispute whether the defendant served a copy of the order of the Appellate Division, with notice of entry, ·upon the plaintiff on October 18, or not until the last of December. No order allowing the appeal was made by the Appellate Division at the term thereof which rendered the determination, or at the next term after the order was entered thereupon.

A motion was made by the plaintiff, upon notice to the defendant, at the January, 1913, term of the Appellate Division, for leave to appeal to this court, and after hearing the parties an order was made January 7 granting leave to appeal and certifying that a question of law had arisen which, in its opinion, ought to be reviewed by this court. An appeal was thereupon taken to this court. This motion was then made.

There is no natural or inherent right to appeal to the Court of Appeals. (*Croveno* v. *Atlantic Ave. R. R. Co.,* 150 N. Y. 225.) The legislature is given express authority to restrict the right of appeal to the Court of Appeals, subject to a proviso that the restriction must not depend upon the amount involved. (Const. art. 6, § 9.)

Section 190 of the Code of Civil Procedure, relating to the jurisdiction of the Court of Appeals in civil cases, provides, in substance, that an appeal may be taken from an order like the one now sought to be reviewed; "where the Appellate Division allows the same, and certifies that one or more questions of law have arisen which, in its

opinion, ought to be reviewed by the Court of Appeals." (Subd. 2.)

It is provided in section 191 of said Code that no appeal shall be taken to the Court of Appeals in any civil action or proceeding, commenced in any court, except certain courts enumerated, " unless the Appellate Division of the Supreme Court allows the appeal by an order made at the term which rendered the determination, or at the next term after judgment is entered thereupon and shall certify that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals." (Subd. 1.)

This court in *Porter* v. *International Bridge Co.* (163 N. Y. 79, 84) say: " We are of the opinion that a party seeking the allowance of an appeal under section 190 or 191 must make application at the same term of the court at which the order or judgment from which he desires to appeal was granted, or at the next succeeding term, and that, if he does not, his right to make the application, as well as the right of the court to grant it, are foreclosed.

" It has been the uniform practice for many years to require a party desiring consent to appeal, to make his application at the term of court at which the order or judgment was granted, or the next term thereafter, and if not so made the application was denied. This is the rule as stated in section 191 and other sections of the Code. It is true that the provision in section 191 is not, in express terms, made applicable to a case like this, but we think the rule there stated applies to all cases where such an allowance is necessary. This limitation has been so long in force, is so generally recognized in practice, and so essential to the proper and timely administration of the law, that it should not now be changed or disregarded. Hence, we are of the opinion that the application for an order allowing an appeal must be made at the term at which the order or judgment appealed from

31

was granted, or the next succeeding term, and, if not so made, no such allowance can be properly granted." (See, also, *Lane* v. *Wheeler*, 101 N. Y. 17; *Guarantee Trust & S. D. Co.* v. *P., R. & N. E. R. R. Co.*, 160 N. Y. 1; *Steamship Richmond Hill Co.* v. *Seager*, 160 N. Y. 312; *Parr* v. *Loder*, 182 N. Y. 509; *Kouwenhoven* v. *Gifford*, 203 N. Y. 556; *Matter of City of New York* [*Massapequa*], 119 App. Div. 74.)

It will be seen that the limitation upon the time in which the Appellate Division can allow an appeal is in no way controlled or affected by the service of the order from which an appeal is desired to be taken either with or without notice of the entry thereof. The appeal must be allowed by an order "made at the term which rendered the determination, or at the next term after the judgment is entered thereupon." If it is not allowed within the time prescribed by the statute it cannot be subsequently granted.

The order allowing an appeal in this case was granted without authority and, consequently, the appeal pursuant to such order must be dismissed, with costs and $10 costs of motion.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, COLLIN and HOGAN, JJ., concur.

Appeal dismissed.