(80 Misc. Rep. 396.)

SOLOMON v. INDEPENDENT ORDER SONS OF JACOB et al.

(Supreme Court, Appellate Term, First Department.    April 16, 1913.)

1. APPEAL AND ERROR (§ 643*)—RECORD—REVIEW.
      Where plaintiff's time to appeal from a judgment and order denying a new trial had expired, the court could not reverse an order denying a motion to add papers to the judgment roll, where the appeal record contained neither the judgment roll nor the papers alleged to have been omitted.

      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2791–2794;  Dec. Dig. § 643.*]

2. APPEAL AND ERROR (§ 656*)—RECORD—CORRECTION—CLERK'S MINUTES.
      Where the clerk's minutes erroneously showed that a verdict was directed for all the defendants, instead of for defendant K. alone, which was the fact, the clerk's minutes would be so modified on appeal as to correct the verdict, in order to prevent the judgment, which was in favor of defendant K. only, from operating as a bar to a further action against the other defendants.

      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2826–2828;  Dec. Dig. § 656.*]

Appeal from City Court of New York, Special Term.

Action by Louis Solomon against the Independent Order Sons of Jacob and others.  From an order of the New York City Court, denying a motion to resettle the clerk's minutes, so as to show that a verdict was rendered for defendant Henry Kuntz only, instead of in favor of all the defendants, and to resettle the judgment and order denying a motion for new trial, so as to show that the verdict was for defendant Kuntz only, and to resettle the judgment roll by inserting certain papers alleged to have been omitted therefrom, plaintiff appeals.  Modified and affirmed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

William Solomon, of New York City, for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondents.

GUY, J.  This action is brought to recover on a promissory note, on which respondent Kuntz is sought to be charged as indorser.  The action was tried only as against defendant Kuntz, and judgment was rendered in favor of defendant Kuntz only;  but the clerk's minutes read:  "Verdict by direction for the defendants."

[1] The appeal papers are defective, in that they contain neither the judgment roll nor the papers alleged to have been omitted.  Plaintiff's time to appeal from the judgment and order denying motion for a new trial has expired.  We therefore cannot reverse the order denying the motion to add papers to the judgment roll.

[2] There is nothing in the judgment or order which prejudicially affects the plaintiff appellant's rights.  To resettle them nunc pro tunc, as requested, might in effect extend plaintiff's time to appeal, which the court had no power to do.  Guarantee Trust Co. v. P. R. & N. E.

R. Co., 160 N. Y. 1, 7, 54 N. E. 575; Code, § 784. But the clerk's minutes do erroneously purport to show a verdict for all the defendants, instead of a verdict for Kuntz alone. This might bar an action against, or be an adjudication in favor of, the other defendants. It should therefore be corrected. Clark v. Scovill, 198 N. Y. 279, 285, 286, 91 N. E. 800, 802, 803. And to prevent any possibility of the clerk's minutes being an adjudication of a broader determination than was involved, the order should be modified by directing that the clerk's minutes be amended so as to read, "Verdict for the defendant Kuntz," in the place and stead of "Verdict by direction for the defendants," and, as so modified, affirmed, without costs. All concur.