or not the father has authorized the work to be done, and if he fails to do so he cannot hold the father liable upon the theory of implied contract for necessaries.

Judgment reversed, with costs of this appeal, and complaint dismissed.

KELLY and BLACKMAR, JJ., concur.

---

(87 Misc. Rep. 184)

### WHITEHILL v. HARTMAN CONST. CO. (No. 231.)

(Supreme Court, Appellate Term, Second Department. October, 1914.)

1. MUNICIPAL CORPORATIONS (§ 806*)—OBSTRUCTION OF SIDEWALK—NEGLIGENCE OF PEDESTRIAN.

> Failure of one walking along a sidewalk at night to see and guard against a cable stretched across it two or three inches above its surface is not contributory negligence.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1678, 1682; Dec. Dig. § 806.*]

2. MUNICIPAL CORPORATIONS (§ 808*)—OBSTRUCTION OF SIDEWALK—LIABILITY OF ABUTTER—INDEPENDENT CONTRACTOR.

> The abutting owner is not liable for injury to a pedestrian from a cable of a donkey engine left stretched across the sidewalk at night by a contractor for mason work on the abutting lot; the negligence of the contractor, and not the work itself, creating the danger.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. § 808.*]

> Kelly, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Robert Whitehill against the Hartman Construction Company. From a judgment for plaintiff, on a trial without a jury, defendant appeals. Reversed and dismissed.

Argued October term, 1914, before KELLY, KAPPER, and BLACKMAR, JJ.

George W. Hurlbut, of New York City (James A. Nooney, of New York City, of counsel), for appellant.

Hurd & Grim, of Brooklyn, for respondent.

BLACKMAR, J. The defendant was erecting a building on premises on the west side of Adelphi street, about 84 feet south of Myrtle avenue. It made a contract with one Cohen for the mason work. The contractor placed in the street a donkey engine, from which a cable ran over the sidewalk into the building for hoisting material for the mason work. Usually, at night, the cable was relaxed and laid on the sidewalk covered with sand. About 9:30 p. m., on January 20, 1914, the plaintiff was walking over the sidewalk, when he tripped over the cable, which was then stretched over the sidewalk about two or three inches above the surface, and in falling received the injuries, for which he has recovered damages against the defendant.

[1, 2] The justice was justified in finding the plaintiff free from contributory negligence. He had a right to assume that the street would be free from such obstructions; and his failure to see and guard against it was not negligence, either as matter of law or fact. The serious question in the case is the defendant's responsibility for the conditions which caused the injury. Doubtless a rope or cable stretched across a sidewalk, two or three inches from the surface, is eminently dangerous to life and limb. To create or maintain such a condition is, to say the least, gross negligence. But in this case the defendant neither created it nor maintained it. Mullins v. Siegel-Cooper Company, 183 N. Y. 129, 75 N. E. 1112, is the case relied on by the plaintiff and by the trial justice. It is there said:

"The general rule is that the owner of property is not liable for the negligent acts of an independent contractor with whom he has an agreement for the performance or prosecution of work. But to this rule there is an exception. If the work itself creates the danger or injury, then the ultimate superior or proprietor is liable to persons injured by a failure to properly guard or protect the work, even though the work is intrusted to an independent contractor."

The contract with Cohen did not call for the installation or use of a donkey engine. It was installed for the contractor's convenience. There is no evidence that the defendant determined its location. It might have been placed in the cellar, or back yard, or anywhere in the building. And, finally, it was not the engine, nor the work done by it, which created the danger, but the negligence or fault of some one, presumably the contractor, who left the cable stretched across the sidewalk at night. The general rule above set forth governs in this case, and not the exception. For it was not the "work itself"— i. e., the mason work—which created the danger, but the carelessness of the mason contractor, who alone is liable.

An analysis of the cases where the exception to the general rule has been held to apply shows that they are all cases in which the very work contracted to be done caused the danger. Such is an excavation in the street (Storrs v. City of Utica, 17 N. Y. 104, 72 Am. Dec. 437; Creed v. Hartmann, 29 N. Y. 591, 86 Am. Dec. 341); or diverting water onto plaintiff's premises (Vogel v. Mayor, etc., 92 N. Y. 11, 44 Am. Rep. 349). So, in the Mullins Case, the necessary use of the sidewalk by the contractor caused the defect complained of. We do not think the doctrine applies to a case where the obstruction is not the necessary, or even the usual, result of the work contracted to be done, but is the result of methods or instrumentalities adopted by the contractor for his own convenience.

KAPPER, J., concurs with BLACKMAR, J. KELLY, J., dissents, on the authority of Deming v. Terminal Co., 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521; Mullins v. Siegel-Cooper Co., 183 N. Y. 129, 75 N. E. 1112; Schiverea v. Brooklyn Heights R. R. Co., 89 App. Div. 340, 85 N. Y. Supp. 902.

The judgment is reversed, and the complaint dismissed with costs.