JEREMIAH GALVIN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, Impleaded with Another.

Appeal — when service of notice of entry of judgment necessary to set time running within which application for leave to appeal may be made.

Under section 1310 of the Code of Civil Procedure service of notice of entry of the judgment of affirmance upon the appellant is necessary to set the time running within which the application for leave to appeal must be made in a case specified in subdivision 2 of section 191 of said Code. (*Terwilliger* v. *Browning, King & Co.*, 207 N. Y. 479, distinguished.)

Reported below, 167 App. Div. 934.

(Argued November 15, 1915; decided November 23, 1915.)

MOTIONS to dismiss appeal and to vacate order granting leave to appeal from a judgment of the Appellate Divi-

sion of the Supreme Court in the second judicial department, entered April 26, 1915, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant.

The motions were made upon the ground that the affirmance by the Appellate Division was unanimous and that application for permission to appeal to the Court of Appeals was not made within the prescribed time.

*Benson R. Frost* for motions.

*Robert Wilkinson* opposed.

*Per Curiam.* This motion is based on the ground that the application to the Appellate Division for leave to appeal to the Court of Appeals in this case was not made in due time. Under section 1310 of the Code of Civil Procedure service of notice of entry of the judgment of affirmance upon the appellant is necessary to set the time running within which the application for leave to appeal must be made in a case specified in subdivision 2 of section 191 — and this is such a ·case, being an action to recover damages for a personal injury. It was conceded on the application to the chief judge that no notice of the entry of the judgment of affirmance had ever been served. The language used by CHASE, J., writing for the court in *Terwilliger* v. *Browning, King & Co.* (207 N. Y. 479, 482) does not apply to a case of this kind. He said: "It will be seen that the limitation upon the time in which the Appellate Division can allow an appeal is in no way controlled or affected by the service of the order from which an appeal is desired to be taken either with or without notice of the entry thereof." The language was used with reference to appeals which can be allowed only by the Appellate Division and in respect to which a judge of the Court of Appeals has no power of allowance whatever. Section 1310 of the Code was not mentioned, nor

was there any occasion to refer to it in a case of that character. It has express application, however, to a case like the present, arising under subdivision 2 of section 191 and to ignore it would be to disregard the plain direction of a statute which it was competent for the legislature to enact.

The motion should be denied. No costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Motion denied.