P. ASHLEY CHASE, Respondent, *v.* HERMAN ETTINGER, Appellant.

First Department, November 29, 1918.

Appeal — practice — leave to appeal to Appellate Division from determination of Appellate Term — time within which appeal must be taken — failure to enter order within thirty days.

Where a justice of the Appellate Division has granted a motion permitting defendant's appeal to the Appellate Division from a determination of the Appellate Term affirming a judgment of the City Court, the time to appeal expires thirty days thereafter by virtue of sections 1344 and 1351 of the Code of Civil Procedure, and the defendant cannot extend his time to appeal by delaying to enter the order obtained on his own motion. Where his notice of appeal was not filed or served until the expiration of thirty days from the time leave was granted, it was too late and the appeal will be dismissed.

MOTION to vacate a stay and to dismiss an appeal.

*Arthur L. Fullman,* for the motion.

*Herman C. Pollack,* opposed.

PER CURIAM:

On August 15, 1918, the defendant, appellant, obtained an order to show cause, returnable October eleventh, why an order should not be made giving defendant leave to appeal from a determination of the Appellate Term which affirmed a judgment of the City Court, and staying proceedings until the determination of such application and entry of an order thereon. On October 18, 1918, an order was signed by a justice of this court granting the motion of the defendant permitting further appeal to this court. The defendant did not enter this order in the office of the clerk of the City Court. Section 3191 of the Code of Civil Procedure provides: " An appeal to the Appellate Division of the Supreme Court in the First Judicial Department may be taken from the judgment or order entered upon the determination of an appeal taken as prescribed in section thirty-one hundred and eighty-eight and thirty-one hundred and eighty-nine of this act, provided such appeal be allowed by order made at the term at which

such appeal was determined or at the term next after judgment is entered upon such determination * * *." And section 3193 provides: " An appeal, authorized by section thirty-one hundred and ninety-one of this act, must be taken within twenty days after the service of a copy of the order allowing such appeal and a written notice of the date of the entry thereof."

The provisions of those sections, it will be seen, apply to the allowance of an appeal by the Appellate Term from its determination to the Appellate Division. Title 3 of chapter 12 of the Code of Civil Procedure, entitled: " Appeal to the Supreme Court from an inferior court," provides in section 1344 as follows:

" 1. An appeal taken as prescribed in this title must be heard by the Appellate Division of the Supreme Court, except that appeals from judgments or orders of the Municipal Court of the City of New York, or from judgments or orders of the City Court of the City of New York may be heard either by the Appellate Division of the Supreme Court or by not less than three justices of the Supreme Court in each of the first and second judicial departments, who shall be designated for that purpose by the justices of the Appellate Division sitting in said departments and who shall be known as the Appellate Term of the Supreme Court in the first and second departments, respectively.

" 2. When an appeal shall have been heard and determined by an Appellate Term constituted as herein provided, the justices thereof or a justice of the Appellate Division in the same department may allow a further appeal to be taken from that determination to said Appellate Division. * * *

" 4. The provisions of title fourth of this chapter, relating to the hearing of appeals taken in the Supreme Court and to subsequent proceedings thereupon, apply to an appeal taken as prescribed in this title, * * *."

And section 1351, which is contained in title 4, referred to in subdivision 4 of section 1344, supra, provides: " An appeal, authorized by this title, must be taken, within thirty days after service, upon the attorney for the appellant, of a copy of the judgment or order appealed from, and a written notice of the entry thereof. * * *."

On the 19th of November, 1918, the plaintiff obtained the order to show cause herein, returnable on the twenty-second of November, and served the same on the nineteenth. Thereafter, and on November twentieth, the defendant, after he had been served with the motion papers herein, caused to be filed in the office of the clerk of the City Court the order of the justice of this court allowing the appeal, and on the same day caused to be served a copy of said order with notice of entry thereof and, on the same day, a notice of appeal, and filed copies of such notice of appeal in the office of the clerk of the City Court and also in that of the county clerk. The defendant now claims that his time to take said appeal does not expire until twenty days after November twentieth.

In *Lane* v. *Wheeler* (101 N. Y. 17) a similar question arose in regard to an appeal to the Court of Appeals, to which court, under the circumstances, an appeal could only be taken by leave of the General Term. Upon a motion to dismiss, the court said: " But the claim is made for the appellant that the limitation of time for an appeal from an order specified in section 1325 is not applicable to this case, because the appeal could not be taken without leave of the General Term, and that such leave could be obtained only at the next General Term, which was held in June, 1885." The section referred to then provided as follows: " An appeal to the Court of Appeals, from an order, must be taken within sixty days after service, upon the attorney for the appellant, of a copy of the order appealed from, and a written notice of the entry thereof."* The court proceeded: " Assuming that the time to appeal might be extended by the circumstance mentioned, the notice of appeal must be served at least within a reasonable time after leave to appeal has been granted. Plaintiff's motion for leave to appeal was granted at the June General Term, and the decision was handed down July third. The appeal should have been taken at least within sixty days from that date, and yet it was delayed more than ninety days from that date. It matters not that the appellant did not enter a formal order granting leave to appeal until

---

* See Laws of 1876, chap. 448, § 1325, as amd. by Laws of 1877, chap. 416.— [REP.

September first. He could not extend his time to appeal by delaying to enter an order obtained for himself upon his own motion. It is clear, therefore, that the appeal was not taken in time."

That case was cited with approval in *Guarantee Trust Co. v. P., R. & N. E. R. R. Co.* (160 N. Y. 8); *Steamship Richmond Hill Co. v. Seager* (Id. 312, 315); *Terwilliger v. Browning, King & Co.* (207 id. 479, 482).

Applying the rule there laid down to the case at bar, it is clear that, as the order of the justice of this court was made on the eighteenth of October, the defendant's time to appeal expired thirty days thereafter, by virtue of the provisions of sections 1344 and 1351, quoted *supra*, and that he could not extend his time to appeal by delaying to enter the order obtained for himself on his own motion, and that as his *notice of appeal was not filed or served until after the expiration of thirty days from the time leave was granted, it was too late.*

It follows, therefore, that the motion to vacate the stay and dismiss the appeal must be granted, with ten dollars costs.

Present — CLARKE, P. J., DOWLING, SMITH, SHEARN and MERRELL, JJ.

Motion granted.