MARY M. GUNDER, Appellant, *v.* 164 EAST SEVENTY-SECOND STREET CORPORATION et al., Respondents.

(Argued February 25, 1935; decided March 5, 1935.)

*Joseph Otis* for motion.

*Lester Lyons* opposed.

*Per Curiam.* Notice of appeal must be served within thirty days after leave to appeal has been granted. (*Frenger* v. *Katz*, 265 N. Y. 515; *Parascandola* v. *Auditore*, 242 N. Y. 571.) The sixty-day limitation from the date of service of notice of entry " of the judgment or order appealed from " (Civ. Prac. Act, § 592) cannot be applied literally where application for leave is required before an appeal may be taken. Of necessity the time to appeal in such cases is extended by implication so as to permit notice of appeal to be served within a reasonable time after an appeal was granted. In the absence of any other statutory provision fixing what is a reasonable time, this court stated that it may not exceed sixty days. (*Lane* v. *Wheeler*, 101 N. Y. 17; *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, R. & N. E. R. R. Co.*, 160 N. Y. 1.) In 1917 the Legislature provided specifically a limitation of thirty days from the date when leave was granted to appeal from a final order or judgment. (Civ. Prac. Act, § 591, formerly Code Civ. Proc. § 1310.) We have held that the practice in applications for leave to appeal from intermediate orders must be assimilated to the statutory practice on applications for leave to appeal from final orders or judgments where the Legislature has not otherwise provided. (*Kessler* v. *Fligel*, 265 N. Y. 289.) Certainly the Legislature could not have intended that appeals from interlocutory orders should proceed in more dilatory fashion. Our decision in *Bovin* v. *Galitzka* (249 N. Y. 512) is not inconsistent. There notice of appeal was served within thirty days after the Appellate Division superseded its earlier order granting leave to appeal by changing the certified questions.

The motion to dismiss the appeal should be granted and the appeal dismissed, with costs and ten dollars costs of motion.