Meyer, J.
(dissenting). In this article 78 proceeding the Catholic Medical Center seeks judgment annulling respondent’s decision which denied the center’s appeal for revision of its 1972 Medicaid reimbursement rates. Special Term held on the basis of the affidavit of the Assistant Commissioner of Health that the department had improperly deviated from the standard fixed by section 2807 of the Public Health Law in its effort to conform with wage and price limits imposed under the Economic Stabilization Program (85 Misc 2d 14). On appeal from that decision the Appellate Division reversed and ordered a hearing to determine whether the commissioner had in fact deviated from section 2807 (54 AD2d 933).
After holding the required hearing Special Term concluded that the commissioner had in fact failed to follow section 2807 and had instead imposed an ESP limitation of 2.5%. On appeal from the judgment entered on that decision, the Appellate Division reversed (62 AD2d 1053) solely on the basis that the matter was concluded by our affirmance in Matter of St. Luke’s Hosp. Center v Ingraham (43 NY2d 771). The order of the Appellate Division should be reversed and the matter should be remitted to it for consideration of the facts (CPLR 5613).
As the Attorney-General’s brief concedes, in reversing the judgment the Appellate Division reversed its own earlier decision. It did so, moreover, without considering the facts or reviewing the Special Term decision, apparently concluding from our decision in St. Luke’s, in which respondents had submitted essentially the same affidavit presented in this proceeding, that its earlier decision was in error on the law.
Clearly, however, the Appellate Division erred on the law for it was bound by its own prior decision as the law of the case (Mygatt v Coe, 142 NY 78; see Martin v City of Cohoes, 37 NY2d 162; 10 Carmody-Wait 2d, NY Prac, § 70:403). An exception to the law of the case rule may be made when in the interim the law declared by the Appellate Division has been changed by this court (Malnati v Metropolitan Life Ins. *970 Co., 254 App Div 681; see 10 Carmody-Wait, op. tit., § 70:404). The only issue of law decided in St. Luke’s, however, was that that hospital had, as the Attorney-General’s brief in that case put it, "totally failed to meet its burden of proof’ or present any evidence whatever to indicate that the statements in the affidavit of former Assistant Commissioner McCann were incorrect.
Accepting the fact that the McCann affidavit in this proceeding is essentially the same as the McCann affidavit in St. Luke’s, I cannot join the majority in ignoring the fact that there has been presented in this case evidence which the Special Term Justice found established that Commissioner McCann’s statements were, in fact, incorrect. The commissioner did not, though under CPLR 5602 (subd [a], par 2) he was entitled to do so, appeal from the Appellate Division’s determination that a hearing was required. Having failed to do so, he cannot ignore, nor can this court, the evidentiary material introduced during that hearing any more than can a defendant who moves to dismiss at the end of the entire case ignore evidence, and the inferences from evidence, introduced as part of his own case (4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.16) or than can a court by the entry of a nunc pro tunc order record a fact as of a prior date that did not then exist (Cornell v Cornell, 7 NY2d 164, 167-168; Guarantee Trust & Safe Deposit Co. v Philadelphia, Reading & New England R. R. Co., 160 NY 1, 7).
Apparently sensitive to that fact, respondents argue in the alternative that the evidence presented at Special Term was not probative because petitioner’s only witness was the assistant commissioner who, therefore, cannot be impeached by petitioner and that, in any event, the testimony does not establish, as Special Term found, that the commissioner acted arbitrarily. The answer to the first contention is that the assistant commissioner was examined by petitioner as an adverse witness with the sanction of the Trial Judge. The answer to the second is that review of the facts is for the Appellate Division in the first instance, unless the record before Special Term was wholly devoid of evidence to support the finding, and that some of the assistant commissioner’s answers clearly presented an issue of fact for Special Term’s determination.
It may well be that on remittal the Appellate Division *971 would reverse on the facts. We have no right, however, either to assume that they would or to ignore the factual material in the record which differentiates this case from St Luke’s.
The majority affirms nevertheless on the basis that the commissioner’s determination was quasi-legislative and could not be annulled except upon a compelling showing that the calculations from which it is derived were unreasonable. The difficulty with that view is that there is nothing to suggest that the Appellate Division acted on that basis and that there is an unreversed finding that the commissioner’s determination was a deviation from section 2807 of the Public Health Law under which it was made. For like reason Matter of Sigety v Ingraham (29 NY2d 110, 114) and Matter of Fisher (Levine) (36 NY2d 146, 150) are both distinguishable from the present case.
I would, therefore, reverse and remit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Meyer dissents and votes to reverse in a separate opinion.
Order affirmed, with costs, in a memorandum.